1            UNITED STATES BANKRUPTCY COURT

2              DISTRICT OF MINNESOTA

3   --------------------------------------------------

4   Darian Joseph Bartos,

5            Plaintiff,

6         vs.                    BKY No. 10-60981
                                 ADV No. 10-6036
7   Kelly Elizabeth Kloeppner,

8            Defendant.

9   --------------------------------------------------

10

11       BEFORE THE HONORABLE DENNIS D. O'BRIEN

12           United States Bankruptcy Judge

13

14

15                    * * *

16            TRANSCRIPT OF PROCEEDINGS

17                   4-26-11

18                    * * *

19

20  Proceedings recorded by electronic sound recording,
    transcript prepared by transcription service.
21

22

23       NEIL K. JOHNSON REPORTING AGENCY
         Six West 5th Street, Suite 700
              St. Paul, MN 55102
24         LISA M. THORSGAARD, RPR

25

1       A P P E A R A N C E S

2

3           MR. GREGORY S. WALZ, Attorney at

4    Law, Suite 206, 1411 West St. Germain Street,

5    St. Cloud, Minnesota 56301, appeared on behalf

6    of Plaintiff.

7

8

9           MR. SAM V. CALVERT, Attorney at Law,

10   Suite 107, 1011 Second Street North, St.

11   Cloud, Minnesota 56303, appeared on behalf

12   of Defendant.

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2

3                    THE COURT:  Good afternoon.

4      Be seated, please.  Before the court this

5      afternoon is the bankruptcy of Gary and

6      Joseph Bartos versus Kelly Elizabeth

7      Kloeppner, Adversary proceeding No. 10-6036

8      on cross motions for summary judgment.

9           Would counsel identify themselves for

10     the record, please.

11                    MR. CALVERT:  Sam Calvert,

12     St. Cloud, Minnesota, for the defendant.

13                    MR. WALZ:  Gregory Walz

14     appearing on behalf of Darian Bartos,

15     plaintiff.

16                    THE COURT:  Mr. Walz, you may

17     proceed.

18                    MR. WALZ:  Should I step up,

19     Your Honor?

20                    THE COURT:  Do you have a

21     motion -- you have a cross motion for summary

22     judgment, don't you?

23                    MR. WALZ:  Yes, I do.

24                    THE COURT:  Yes.  You may

25     proceed.

1              MR. WALZ:   I think this is a

2     complicated case.   There are a number of

3     courts with different views on this.   And I

4     think some of the problems or the

5     incompleteness or misguidedness of what the

6     courts have done in the past is, in part,

7     from a number of things.

8           First of all, I think one of the

9     things that the Court needs to recognize in

10    this case is that 2005 bankruptcy court

11    provisions applicable here were modified.

12    Some of these provisions are cases

13    involved -- cases prior to that date involve

14    different aspects.   I think A5 and A15 were

15    modified so that A5 says domestic support

16    obligations.   A15 was modified substantially

17    and I think was expanded.

18           So what the Court has now is basically

19    that any obligation, whether it's support,

20    alimony, maintenance or property, is now not

21    dischargeable in bankruptcy court.   And I

22    think that's the reading that we need to take

23    today.

24           It used to be that some debts or

25    obligations between domestic partners were

1    dischargeable, specifically property

2    obligations.  In the cases that -- if you

3    look at them carefully, I think there's one

4    case, the Calhoun case, had this balancing

5    test which looked at different factors in

6    order to determine whether something was in

7    the nature of support or in the nature of

8    maintenance.  And the reason for that

9    particular test, and I would submit to the

10   Court today the cases that we saw says it's

11   basically obsolete now, is that people were

12   drafting decrees at that point to make it

13   look like support so that the property

14   provisions were not dischargeable.  So part

15   of the problem in the past has been

16   eliminated specifically because of the

17   statutory amendments.

18         I think Kasich, the case that's cited

19   in my brief, perhaps gives an inkling of what

20   is happening.  I'm sorry, I -- it indicates

21   that some of the problems that were in the

22   past may not be applicable today.  There's a

23   footnote 5, I believe, in that case that

24   addresses that particular issue.

25         But going to the facts of the case I

1     think one of the things that the Court can

2     look at here, and the Baker case talks

3     about it, there's some allegations here about

4     a lot of factual things that -- we didn't

5     bring a fraud -- we tried to bring a fraud

6     argument in the district court at the state

7     level.  We couldn't do it because the court

8     didn't buy it.  There's some facts about

9     fraud and facts about other things.  I think

10    if you look at the Baker case, one of the

11    last things it says in there is that the

12    court should not help someone who comes into

13    court with unclean hands.  I think all of

14    these facts show that she comes into court

15    with unclean hands, and the Court should not

16    intervene in this case in part because of

17    that.

18         Now, looking at the statutory

19    amendments, I think the policies are

20    important to keep an overview of.  I think

21    Kline, Shine v. Shine, and Miller indicate a

22    number of things that because these are

23    familial obligations, they should be

24    liberally construed in favor of the creditor

25    here.

1          And there's other cases like Norbut

2     which says that federal courts should give

3     deference to state court for domestic issues,

4     issues of federalism.  They're not going to

5     get involved in these kinds of things.  So

6     when you're looking at this, I would submit

7     to the Court from a statutory construction

8     standpoint it should be looked at liberally.

9     The state court should give deference to

10    the -- the federal court should give

11    deference to the state court.

12          In fact, there's one case that we

13    cited that specifically says if a state court

14    labels something support, it's that we don't

15    even go farther.  We don't look into the

16    Calhoun criteria at all.

17          So getting into the analysis of this

18    particular case, I think, first of all, this

19    is a paternity case that's not a marriage.

20    The other party, the defendant has made a big

21    issue about the fact that there's marriage or

22    no marriage.  I would submit to the Court

23    that that's not an issue.

24          I think the Kemp case specifically

25    makes it clear that if you -- despite the

1   fact that it's spouse or whatever it is, it's

2   not interpreted that way and I think it would

3   violate equal protection of other issues.

4   And I go on to say, too, is when all that --

5   if with same sex marriages, with common law

6   marriages, with other kinds of things around

7   the country, if the bankruptcy courts do not

8   interpret this universally without looking

9   for gender or what kinds of obligation, I

10  think there would be significant problems.

11  There would be problems between state to

12  state, whether a state could go -- let's say

13  somebody gets married in same sex in, let's

14  say, wherever, New York.  I don't know what

15  state it is.  And they come to Minnesota that

16  doesn't recognize marriage.  They could

17  discharge any obligation if they had adopted

18  something like that.

19      So I think that creates significant

20  problems in and of itself.  Whether they're

21  married or not I think is irrelevant, and the

22  Court is going to have to interpret it as it

23  doesn't matter.  The issue here for

24  non-dischargeability is irrelevant.

25      The other issue is whether or not

1    there continues to be the child-father

2    relationship.  And there's some dispute about

3    that.  And my argument is this:  Under

4    518A.26, subdivision 5, it defines who a

5    child is for child support purposes in the

6    Minnesota statute.  For child support

7    purposes it's somebody that's either under 18

8    or somebody who's under 20 who's still going

9    to secondary school.

10        My argument is this.  If this court

11   allows this obligation to be discharged, I

12   would submit that every person who's a

13   non-payer who has arrearages is going to come

14   into court and file bankruptcy after that

15   child is no longer a child pursuant to the

16   definitions in 518A.26.  There will no longer

17   be this need base thing at that point because

18   the child doesn't need.  The child isn't

19   under age.

20        So I think for purposes of this case

21   and you have uniformity across while there's

22   a obligation, underlying obligation or

23   whether it is in arrears where the child is

24   of age, we have to recognize that this is

25   non-dischargeable in this particular case.

1      THE COURT:  Let me ask a

2    question.  My understanding is that your

3    client, the plaintiff, either thought he was

4    or was alleged to be the father of this child

5    and that he began either voluntarily or under

6    a court order to pay child support, that

7    after a period of time, he was able to prove

8    through DNA evidence that he is not the

9    father.  And so he then embarked on a mission

10   to get back from the mother of this child the

11   money that he paid for child support, right?

12             MR. WALZ:  That's correct.

13             THE COURT:  And he finally

14   got a judgment in state court for a monetary

15   amount against the defendant, right?

16             MR. WALZ:  That's correct.

17             THE COURT:  How in the world

18   is a monetary judgment under those

19   circumstances child support under523A5 or 15?

20   I am totaling missing the connection there.

21             MR. WALZ:  I don't think it

22   necessarily has to be child support per se.

23   I think this --

24             THE COURT:  What does it have

25   to be?

1          MR. WALZ:  I think it can be

2     either property, or as long as they're

3     domestic partners, they had a domestic

4     relationship, I think it goes -- A15 applies

5     as well.  It doesn't matter whether

6     they're -- and I don't think you can change

7     the character of it either.  Once it was

8     that, how are you going to change it now?

9          THE COURT:  Well, what does

10    the state court judgment call it?

11          MR. WALZ:  Calls it child

12    support.  It was paid, reimbursed for child

13    support.

14          THE COURT:  So he has a

15    judgment to be reimbursed for child support

16    that he paid.

17          MR. WALZ:  Right.  That's the

18    label --

19          THE COURT:  How under 523A5

20    or 15 does that become non-dischargeable

21    child support?  It's not support that's paid

22    for a child and it's not spousal maintenance.

23          MR. WALZ:  Well, I think the

24    court looked at that in one of the cases that

25    I cited.

1          THE COURT:  Which court did

2     that?

3          MR. WALZ:  Baker.

4          THE COURT:  What jurisdiction

5     is that?

6          MR. WALZ:  Baker is from

7     Ohio.  And what they did there, I think, is

8     they looked at it in terms of whether there

9     was an obligation at the time.  They couldn't

10    relabel it.  They just said as long as

11    there's a legal duty to pay under a court

12    order or in connection with, therefore, it

13    was non-dischargeable.  And the reason for

14    that was in part A5 and A15 -- A15 used to

15    be -- involved a weighing of needs depending

16    on how much the ability to pay.  And this

17    court, Baker, looked at that and said because

18    A5 did not involve a weighing, they said that

19    any need is irrelevant.  You don't have to

20    show need for a child.  That's why I bring up

21    this argument about after a child reaches

22    majority, there is no need for a child under

23    the state court definition.  It's merely an

24    obligation to --

25          THE COURT:  But A5 and 15 are

1    meant to assist people who are entitled

2    either directly or indirectly to collect

3    child support.  He's not trying to collect

4    child support.  He's trying to recover

5    essentially a money judgment for damages for

6    support that he already paid for someone

7    else.

8                    MR. WALZ:  But it was

9    incurred in connection with a domestic

10   relationship.  And I think that's in

11   connection with language that's specific.

12   And from my understanding at least is right

13   now, property judgments are not dischargeable

14   either between parties in a domestic

15   relationship.  That's the difference, I

16   believe, now.

17         The other thing is, you know, I think

18   I cited a Minnesota state supreme court case.

19   Angell says you cannot modify or change the

20   character of something of what something was

21   once into something else.  I think that

22   falls --

23                    THE COURT:  But the

24   definition of child support for purposes of

25   523A5 and 15 is federal law, isn't it?

1           MR. WALZ:  Well, I think

2      there's a question what standard is used.

3      You need to look to state court to define it

4      and you cannot -- you have to give deference

5      to state court definitions --

6                 THE COURT:  Isn't the law in

7      this jurisdiction as well as the entire

8      Eighth Circuit quite clear that the federal

9      court determines whether an obligation is in

10     the nature of child support or otherwise

11     regardless of what the language in the state

12     court documents say?

13                MR. WALZ:  I don't believe

14     so, Your Honor.  I think it says in there

15     first you have to give deference to what the

16     state court says, and only if the state court

17     doesn't say anything, then you look at the

18     test.

19                THE COURT:  Are you saying --

20                MR. WALZ:  And the change --

21                THE COURT:  Are you saying

22     that the law requires the federal court to

23     find an obligation of child support if it is

24     recited as such in the state court --

25                MR. WALZ:  That's one of the

1   cases did that, in fact, and didn't even look

2   through beyond that.  So that's one of the

3   cited cases.

4                  THE COURT:  Okay.

5                  MR. WALZ:  So -- but I think

6   the Norbert -- Norbut, N-O-R-B-U-T, and the

7   Baker case give a pretty good exposition how

8   the case law is different from what it --

9   statutes are different how it's applied

10  differently as well.

11         Again, I think what domestic support

12  obligation is, domestic doesn't imply any

13  partner, any kind or gender or anything like

14  that.  It doesn't matter whether it's same

15  sex.

16                  THE COURT:  Well, what does

17  property involve?  What's the property that's

18  involved here?

19                  MR. WALZ:  Well, if you --

20  what I'm saying is --

21                  THE COURT:  He paid money.

22                  MR. WALZ:  Pardon?

23                  THE COURT:  He paid money

24  that was --

25                  MR. WALZ:  Right.

1      THE COURT:  -- since spent.

2      What's the property?

3      MR. WALZ:  Well, why isn't

4      that property?  If the child support is

5      not --

6      THE COURT:  What is it?

7      Where is the property?  Where is it?

8      MR. WALZ:  It's only money.

9      THE COURT:  But where is the

10     property?

11     MR. WALZ:  Well, if you

12     define something as either a support

13     obligation or some kind of property

14     obligation, I believe A15 takes into

15     consideration anything in connection with

16     state court, judgment, decree, or whatever

17     else and says it's basically

18     non-dischargeable.  The new definition is

19     expansive.  And I think even Ann Montgomery

20     in her case, that recent case, strictly dealt

21     with A5.  It doesn't have anything to do with

22     A15.  And then again they only classified

23     things as property because of the

24     designation -- I think it was equalizer, if

25     I'm correct.  So they said in that case --

1          THE COURT:  So you consider

2    this -- you consider the state court's recent

3    judgment for the recovery of these funds

4    paid, you consider that to be an award of

5    property by the state court in the context of

6    a dissolution of marriage.

7          Is that right?

8          MR. WALZ:  Well, I don't know

9    whether you consider -- it originally was

10   support.  And even if you don't consider it

11   support or change it so it gets modified into

12   something else, it still is non-dischargeable

13   because it's part of a domestic obligation.

14          THE COURT:  Okay.

15          MR. WALZ:  Under A15.

16          THE COURT:  Mr. Calvert?

17          MR. CALVERT:  Good afternoon,

18   Your Honor.  I'll try to be brief in view of

19   the time pressures here.

20          I will first call the Court's

21   attention to the fact I brought a second

22   motion to redact one sentence out of

23   Mr. Walz's memorandum of law, the one

24   beginning, Later plaintiff did a DNA test,

25   and ending in the words, DNA testing.  I

1    respectfully submit that that sentence adds

2    nothing whatsoever to the case.  If you

3    published it in a newspaper, it probably

4    would be libel per se.  We're not, you know,

5    I mean, if the Court wants to read the cases

6    and for whatever in-camera sort of

7    information it wants, I have no objection to

8    that, but I do object to it being part of the

9    public record.

10           In response to that Mr. Walz filed

11   another stack of documents including, I

12   regret to say, the child's full name, I would

13   respectfully ask the Court to simply redact

14   that entire filing from the court -- from the

15   publically accessible court file.

16           Your Honor, the -- you're right that

17   the Eighth Circuit, I believe, is clear that

18   the federal court makes a determination

19   whether this would or wouldn't be child

20   support or alimony or spousal maintenance.

21   These parties were never married.  Mr. Bartos

22   spent a great deal of time and probably a

23   great deal of money in state court proving

24   that he was not the father.  He should not be

25   heard to come into court now and claim that

1      he is the father for some mysterious purpose

2      of getting back the money that he maybe

3      shouldn't have paid to start with.

4            All of the cases cited by counsel are

5      pre-BAP sepa cases.  As Mr. Walz

6      acknowledged, BAP sepa changed the definition

7      by setting out a new definition in Section

8      101.  I submit that the cases he cites are

9      simply not any longer good law.

10           I did, rather to my surprise, find two

11     or three cases on similar facts post-BAP

12     sepa, the Van Hook case, the Indiana case,

13     and I respectfully submit that those cases

14     should control.  These parties were never

15     married.  They did not have a child together.

16     There was no divorce.  And the -- I don't

17     know what a domestic relationship is.  I

18     don't think we have those in Minnesota.  I'm

19     pretty sure we don't have same-sex marriage

20     in Minnesota.  I'm pretty sure we haven't had

21     common law marriage in Minnesota since

22     something like 1941.  So I'm not at all sure

23     where those arguments raised by counsel are

24     supposed to lead you, but I respectfully

25     submit what you have is sort of a common

1    ordinary judgment in which the defendant was

2    ordered to pay the plaintiff some money.  It

3    arose out of unusual circumstances.  But the

4    fact that it rose out of unusual

5    circumstances does not somehow make it into

6    child support.  It simply does not meet the

7    definitional tests required to be a domestic

8    support obligation.

9              THE COURT:  I agree.  The

10   motion for redaction is granted and the

11   motion for summary judgment by the defendant

12   is granted.  Anything else?

13             MR. WALZ:  Nothing.

14             THE COURT:  Okay.  For those

15   of you who are here for a 2:00 trial, we're

16   already in the middle of an 11:00 trial, and

17   so you're just going to have to go out in the

18   hall and try to resolve the matter or

19   otherwise have fun until we get through this

20   other thing.

21

22                    * * *

23

24

25

1  STATE OF MINNESOTA  )
                       ) ss.
2  COUNTY OF WASHINGTON)

3

4          BE IT KNOWN, that I transcribed the

5  electronic recording relative to the matter

6  contained herein;

7

8

9          That the proceedings were recorded

10  electronically and stenographically transcribed

11  into typewriting, that the transcript is a true

12  record of the proceedings, to the best of my

13  ability;

14

15

16          That I am not related to any of the

17  parties hereto nor interested in the outcome of

18  the action;

19

20

21          IN EVIDENCE HEREOF, WITNESS MY HAND.

22

23
                    s:/ Lisa M.Thorsgaard
24

25