## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No. 10-60981 |
| KELLY ELIZABETH KLOEPPNER, | Adv. No. 10-6036 |
| Debtor. | |

| | |
|---|---|
| DARIAN JOSEPH BARTOS, | Civil No. 11-1546 (JRT/LIB) |
| Appellant/Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT ORDER** |
| KELLY ELIZABETH KLOEPPNER, | |
| Appellee/Defendant. | |

Gregory S. Walz, **WALZ LAW OFFICE**, P.O. Box 1794, St Cloud, MN 56302, for appellant.

Samuel V. Calvert, **SAM V. CALVERT, PA**, 1011 2nd St North, Suite 107, St Cloud, MN 56303, for appellee.

This matter is before the Court on Darian Bartos' appeal from a final order of United States Bankruptcy Judge Dennis D. O'Brien. (Notice of Appeal, Ex. 5, May 10, 2011, Docket No. 1.) Darian Bartos ("Bartos") paid child support to Kelly Kloeppner ("Kloeppner") for a child whom he believed he fathered. (*Bartos v. Kloeppner*, No. 73-F9-02-1614, at *3 (Minn. Dist. Ct. Apr. 6, 2010), Ex. 15, Docket No. 1.) Bartos and Kloeppner never married. (Hr'g Tr. 18:21, Ex. 3, Apr. 26, 2011, Docket No. 1.) Bartos took a paternity test and discovered that he was not the father. (*Id.* 10:1-12.) As a result,

the state court ordered that Kloeppner return the money that Bartos paid her for child support. (*Bartos v. Kloeppner*, No. 73-F9-02-1614, at *1-2.) Kloeppner filed a Chapter 7 Bankruptcy Petition seeking to discharge this obligation. (*See* Notice of Appeal at 1.) Bartos objected to the discharge of this obligation citing 11 U.S.C. §§ 523(a)(5) and (15). (Bankr. Compl., Ex. 15, at 1-3, Nov. 12, 2010, Docket No. 1.) The Bankruptcy Court ordered summary judgment for Kloeppner and held that her debt to Bartos was dischargeable. (Order Granting Summ. J., Ex. 7, Apr. 27, 2011, Docket No. 1.) Because Kloeppner does not owe Bartos child support or any other nondischargeable debt, the Court will affirm the Bankruptcy Court's order and grant summary judgment to Kloeppner.

**ANALYSIS**

**I.    STANDARD OF REVIEW**

In bankruptcy proceedings, the district court sits as an appellate court and applies the same standard of review as the court of appeals. *Reynolds v. Pa. Higher Educ. Assistance Agency*, 425 F.3d 526, 531 (8th Cir. 2005). This Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Id.* "A finding is clearly erroneous when although there is evidence to support it[,] the reviewing court is left with the definite and firm conviction that a mistake has been committed." *DeBold v. Case*, 452 F.3d 756, 761 (8th Cir. 2006) (internal quotation and alteration omitted).

Summary judgment is appropriate where there is no genuine dispute of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of

law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.   NONDISCHARGEABILITY

Bartos objects to the discharge of Kloeppner's debt citing 11 U.S.C. §§ 523(a)(5) and (15).  11 U.S.C. § 523(a)(5) provides that among the types of debts not discharged by a Chapter 7 bankruptcy discharge are debts "for a domestic support obligation."  In turn, 11 U.S.C. § 101(14A) defines "domestic support obligation" as a debt that is:

(A)   owed to or recoverable by—

   (i)   a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative . . .

(B)   in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated; [and]

(C)   established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

   (i)   a separation agreement, divorce decree, or property settlement agreement [or]

   (ii)   an order of a court of record . . . .

11 U.S.C. § 523(a)(15) further provides that a debt may not be discharged that is:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . .

In determining whether Kloeppner's debt falls under one of these exceptions, the Court must look to the substance of the state court's award to Bartos, not solely the label of that award. *See* 11 U.S.C. § 101(14A) (stating that the determination of whether a debt is "in the nature of alimony, maintenance, or support" is "without regard to whether such debt is expressly so designated"). The Court finds that neither the language used by the state court nor the true nature of Bartos' award falls under §§ 523(a)(5) or (15).

On April 6, 2010, the state court ordered that Kloeppner pay Bartos $7,558.17 "for all money expended on behalf of the child or paid to [Kloeppner] or paid to the County of Stearns" (including money paid to Stearns County for child support and "various expenditures at Slumberland, Sugar Plum Daycare, etc."), $525 "as and for all genetic testing costs," and disbursements in the amount of $2,539.35 (for "filing fees, transcripts, subpoena, and other costs"), for a total of $10,622.52. (*See Bartos v. Kloeppner*, No. 73-F9-02-1614, at *1-3.) The Court held that Bartos had "claim[s] in equity" to "recover the child support paid" and for genetic testing costs. (*Id.* at *4, 6-9.) Although the Court used the phrase "child support," it did not award Bartos child support. Rather, the Court ruled that Bartos could recover in equity the child support that he wrongfully paid.

The sum the Court awarded to Bartos does not fall under the plain language of 11 U.S.C. §§ 523(a)(5) or (15) for three reasons. First, Bartos is not a "spouse or former

spouse" of Kloeppner, nor is the award for the "child of the debtor" because the award is not intended for a child. *See* 11 U.S.C. §§ 523(a)(5), (15). "It would be the height of illogic to conclude that the Creditor's claim against the Debtor should be classified as a priority claim for child support to be refunded to him when, in fact, it was determined that he was not the father of the [child]." *See In re Vanhook*, 426 B.R. 296, 302 (Bankr. N.D. Ill. 2010). Bartos is not within the categories of persons that fall under §§ 523(a)(5) or (15).

Second, Bartos' award is not "in the nature of alimony, maintenance, or support." Instead, it is the return of money that Bartos should never have paid Kloeppner. *See* 11 U.S.C. § 523(a)(5).[1]

> Because 11 U.S.C. § 523(a)(5) requires that the debt, to be non-dischargeable, must in substance function as support, the Court finds that Plaintiff cannot solely rely on the original character of the debt owed **by** him to his former [partner] to state a claim that a debt owed *to* him by his former [partner] for overpayment of . . . support is non-dischargeable.

*See In re Taylor*, No. 11-1020 J, 2011 WL 1748617, at *5 (Bankr. D.N.M. May 5, 2011) (emphasis original).

Third, the award was not issued pursuant to a "separation agreement, divorce decree, or property settlement agreement." *See* 11 U.S.C. §§ 523(a)(5), (15). The parties

---

[1] *See, e.g.*, *In re Vanhook*, 426 B.R. at 301(after a divorced creditor paid child support to his ex-wife for a child that he did not father, the court held that "the judgment debt [owed to the creditor] is not in the true nature of child support. Rather, it is merely a money judgment awarded to the Creditor . . . ."); *Norbut v. Norbut*, 387 B.R. 199, 206-07 (Bankr. S.D. Ohio 2008) (holding that the return of child support overpayment was in the nature of support, because the state court that ordered its return looked at the economic and other circumstances of the parties when reaching its decision); *In re Drinkard*, 245 B.R. 91, 94 (Bankr. N.D. Tex. 2000) (holding that the return of an overpayment is "simply a money judgment" and is dischargeable); *In re Lutzke*, 223 B.R. 552, 554-55 (Bankr. D. Oregon 1998) (holding that an overpayment in child support was dischargeable because it was not support and was not awarded because of need).

were never married, and the Court did not in any way characterize Bartos' award as part of a property settlement or separation agreement.

At oral argument, Bartos raised for the first time that Kloeppner's debt is nondischargeable because of her fraud. (*See* Bankr. Compl. at 1-2.) This issue is not properly before the Court, and it appears to have no merit because both parties admit that the state court rejected Bartos' allegations of fraud. Because Bartos was never married to Kloeppner and is not the father of her child, and because his award is not the result of a separation agreement or otherwise nondischargeable, Bartos' state court award does not fall under 11 U.S.C. §§ 523(a)(5) or (15).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **AFFIRMS** the Order of the Bankruptcy Court dated April 27, 2011, granting summary judgment to Appellee Kloeppner [Docket No. 1, Ex. 7].

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 24, 2011  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge